(Rev. 10/2002) General Document

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: 9:23·cv·81465-DMM

Jeffrey M.S. Hastings

_____
Plaintiff(s)

v.

The Palm Beach County
Sheriffs Office et, AL

_____

_____
Defendant(s)

FILED BY _____ D.C.

JAN – 6 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Notice of filing – Jury Instructions

*(TITLE OF DOCUMENT)*

I, _____ plaintiff or defendant, in the above styled cause,

Jury Instructions and
verdict forms.

(Rev. 10/2002) General Document

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Certificate of Service**

I _____ , certify that on this date _____ a true copy

of the foregoing document was mailed to: _____
                                                     name(s) and address(es)

_____

_____

By:
Jeff Hastings                                    _Jeff Hastings (signature)_
_____                        _____
Printed or typed name of Filer                   Signature of Filer

_____                        _____
Florida Bar Number                               E-mail address

_____                        _____
Phone Number                                     Facsimile Number

_____
Street Address

_____
City, State, Zip Code

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

Docket Number: **9:23-cv-81465-dmm**

Plaintiff(s)
Jeffrey M.S. Hastings

Assigned

Magistrate Matthewmen

v.

Defendant(s)
D/s Valran Venner D/s Rafael Ugalde
D/s Kari Taylor Sgt Eric Tatum

Jury Demanded

# <u>JURY INSTRUCTIONS</u>

### <u>INTRODUCTION TO THE FINAL CHARGE</u>

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE TO BE RECEIVED IN THIS TRIAL AND EACH OF THE ARGUMENTS OF COUNSEL, IT BECOMES MY DUTY TO GIVE YOU THE COURT'S FINAL INSTRUCTIONS AS TO THE LAW THAT IS APPLICABLE TO THIS CASE AND WHICH WILL GUIDE YOU IN YOUR DECISIONS.

ALL OF THE INSTRUCTIONS OF LAW GIVEN TO YOU BY THE COURT - THOSE GIVEN TO YOU AT THE BEGINNING OF THE TRIAL, THOSE GIVEN TO YOU DURING THE TRIAL, IF ANY, AND THESE FINAL INSTRUCTIONS - MUST GUIDE AND GOVERN YOUR DELIBERATIONS.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN ALL OF THE INSTRUCTIONS OF THE COURT AND TO APPLY THESE RULES OF LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE APPLICABLE RULES OF LAW IN THEIR CLOSING ARGUMENTS TO YOU. IF, HOWEVER, ANY DIFFERENCE APPEARS

TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT AS STATED BY THE
COURT IN THESE INSTRUCTIONS, YOU, OF COURSE, ARE TO BE GOVERNED BY THE
INSTRUCTIONS GIVEN TO YOU BY THE COURT.

YOU ARE NOT TO BE CONCERNED WITH THE WISDOM OF ANY RULE OF LAW STATED BY
THE COURT. REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW
OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE ANY PART
OF YOUR VERDICT UPON ANY OTHER VIEW OR OPINION OF THE LAW THAN THAT GIVEN
IN THESE INSTRUCTIONS OF THE COURT JUST AS IT WOULD BE A VIOLATION OF YOUR
SWORN DUTY, AS THE JUDGES OF THE FACTS, TO BASE YOUR VERDICT UPON ANYTHING
BUT THE EVIDENCE RECEIVED IN THE CASE.

YOU WERE CHOSEN AS JURORS FOR THIS TRIAL IN ORDER TO EVALUATE ALL OF THE
EVIDENCE RECEIVED AND TO DECIDE EACH OF THE FACTUAL QUESTIONS PRESENTED
BY THE ALLEGATIONS BROUGHT BY THE PLAINTIFF, AND THE DENIAL OF THESE
ALLEGATIONS BY THE DEFENDANT..

YOU MUST PERFORM YOUR DUTIES AS JURORS WITHOUT BIAS OR PREJUDICE AS TO ANY
PARTY. THE LAW DOES NOT PERMIT YOU TO BE GOVERNED BY SYMPATHY, PREJUDICE
OR PUBLIC OPINION. ALL PARTIES EXPECT THAT YOU WILL CAREFULLY AND
IMPARTIALLY CONSIDER ALL OF THE EVIDENCE, FOLLOW THE LAW AS IT IS NOW BEING
GIVEN TO YOU, AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING,
YOU MUST CONSIDER ONLY THE EVIDENCE IN THE CASE. THE TERM "EVIDENCE"
INCLUDES THE SWORN TESTIMONY OF THE WITNESSES, SWORN TESTIMONY READ TO
YOU FROM DEPOSITIONS, THE EXHIBITS ADMITTED IN THE RECORD, AND STIPULATED
OR ADMITTED FACTS. A STIPULATION IS A STATEMENT OF FACT AGREED TO BETWEEN
THE PARTIES, AND YOU MUST REGARD STIPULATED FACTS AS TRUE.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE
LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO
POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR
SIDE OF THE CASE, AND IN SO DOING, TO CALL YOUR ATTENTION TO CERTAIN FACTS OR
INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.

IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND
INTERPRETATION OF THE EVIDENCE THAT CONTROLS. WHAT THE LAWYERS SAY IS
NOT BINDING UPON YOU.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE
PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND
EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR OWN EXPERIENCE. IN
OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH
REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE
BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

UNLESS YOU ARE OTHERWISE INSTRUCTED, THE EVIDENCE IN THE CASE ALWAYS CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM; ALL EXHIBITS RECEIVED AS EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM; AND ALL FACTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

ANY EVIDENCE AS TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT, AND ANY EVIDENCE ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

UNLESS YOU ARE OTHERWISE INSTRUCTED, ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES. YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, OR BY THE MANNER IN WHICH THE WITNESS TESTIFIES, OR BY THE CHARACTER OF THE TESTIMONY GIVEN, OR BY THE EVIDENCE TO THE CONTRARY OF THE TESTIMONY GIVEN.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY, GIVEN THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF. CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE AND STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND. CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH THE WITNESS HAS TESTIFIED, AND WHETHER THE WITNESS IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE THE JURY TO DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SAY OR HEAR IT DIFFERENTLY; AN INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES.

YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING TO THE EXISTENCE OR NON-EXISTENCE OF ANY FACT. YOU MAY FIND THAT THE TESTIMONY OF A SMALL NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

THE LAW DOES NOT REQUIRE ANY PARTY TO CALL AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE INVOLVED IN THE CASE, OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF THE MATTERS IN ISSUE AT THIS TRIAL. NOR DOES THE LAW REQUIRE ANY PARTY TO PRODUCE AS EXHIBITS ALL PAPERS AND THINGS MENTIONED IN EVIDENCE IN THE CASE.

THERE ARE, GENERALLY SPEAKING, TWO TYPES OF EVIDENCE FROM WHICH A JURY MAY PROPERLY FIND THE TRUTH AS TO THE FACTS OF A CASE. ONE IS DIRECT EVIDENCE - SUCH AS THE TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE - THE PROOF OF A CHAIN OF CIRCUMSTANCES POINTING TO THE EXISTENCE OR NON-EXISTENCE OF CERTAIN FACTS.

AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT OR CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT THE JURY FIND THE FACTS IN ACCORDANCE WITH THE PREPONDERANCE OF ALL THE EVIDENCE IN THE CASE, BOTH DIRECT AND CIRCUMSTANTIAL.

THE BURDEN IS ON THE PLAINTIFF IN A CIVIL ACTION SUCH AS THIS TO PROVE EVERY ESSENTIAL ELEMENT OF HIS CLAIM BY A "PREPONDERANCE OF THE EVIDENCE."

A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MINDS A BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, TO ESTABLISH A CLAIM BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT THE CLAIM IS MORE LIKELY SO THAN NOT SO. THIS RULE DOES NOT, OF COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY CASE.

IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN PROVED BY A "PREPONDERANCE OF THE EVIDENCE", THE JURY MAY CONSIDER THE TESTIMONY OF ALL THE WITNESS, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL THE EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM..

WHEN I SAY IN THESE INSTRUCTIONS THAT A PARTY HAS THE BURDEN OF PROOF ON ANY PROPOSITION, OR USE THE EXPRESSION "IF YOU FIND", OR "IF YOU DECIDE", I MEAN YOU MUST BE PERSUADED, CONSIDERING ALL THE EVIDENCE IN THE CASE, THAT THE PROPOSITION IS MORE PROBABLY TRUE THAN NOT TRUE.

**THE NATURE OF THE CLAIM.**

THIS IS AN ACTION BROUGHT UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT. SECTION 1983 MAKES IT UNLAWFUL FOR ANY PERSON UNDER COLOR OF LAW TO VIOLATE THE CONSTITUTIONAL RIGHTS OF ANOTHER PERSON.

THE PLAINTIFF, JEFFREY M.S. HASTINGS , ALLEGES THAT HE WAS ILLEGALLY SEARCHED AND ARRESTED WITHOUT INCIDENT OUTSIDE HIS BUSINESS BY OFFICERS RAFEAL UGALDE and VALRAN VENNER on JANUARY 25th 2022 IN VIOLATION OF HIS 4th AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES. ALSO THAT DS KARI TAYLOR DS VALRAN VENNER AND ERIC TATUM USED EXCESSIVE FORCE IN VIOLATION OF THE PLAINTIFFS 4TH AMENDMENT RIGHT ON SEPTEMBER 10th 2022.

PLAINTIFF ALLEGES THAT OFFICER SGT UGALDE CONDUCTED A ILLEGAL SEARCH AND SEIZURE IN JANUARY OF 2022 AND AS A RESULT DS VENNER FALSELY IMPRISONED THE PLAINTIFF AS A RESULT OF THE ILLEGAL SEARCH. AFTER BEING FALSELY IMPRISONED FOR 5 ½ MONTHS IN A MOLDY JAIL CELL  DUE TO THIS INCIDENT PLAINTIFF HAS LOST THE ABILITY TO EARN A LIVING RUNNING HIS FAMILIES PLANT NURSERY, LOOSING HIS LEESE ON a 10 ACRE TREE FARM AND ALL THE TREES ON IT AND WILL SUFFER FROM PTSD FOR THE REST OF HIS LIFE AS A RESULT AS WELL AS MISSED OPPORTUNITIES

PLAINTIFF ALSO ALLEGES THAT ON SEPTEMBER 10th 2022 DS VALRAN VENNER AND DS KARI TAYLOR AND SGT ERIC TATUM USED EXCESSIVE FORCE AFTER DS VENNER DECIDED ONCE AGAIN THE PLAINTIFF DID NOT DESERVE HIS FREEDOM CAUSING PLAINTIFF TO BE TAKEN TO THE HOSPITAL TO BE TREATED FOR HIS  INJURIES BEFORE HE COULD BE IMPRISONED FOR 25  DAYS IN A MOLDY JAIL CELL FOR RESISTING A OFFICER WITHOUT VIOLENCE . CAUSING MENTAL ANGUISH LOSS IN QUALITY OF LIFE FURTHER DAMAGE AND LOSS TO THE FAMILY BUSINESS AND C-PTSD THAT WILL LAST A LIFETIME AS WELL AS MISSED OPPORTUNITIES

## THE ESSENTIAL ELEMENTS OF THE CASE.

TO PREVAIL ON HIS CLAIM, PLAINTIFF MUST PROVE THE FOLLOWING BY A PREPONDERANCE OF THE EVIDENCE:

(a) PLAINTIFF WAS SUBJECTED TO A ILLEGAL SEARCH AND SEIZURE AND OR ILLEGAL USE OF EXCESSIVE FORCE. AND THAT THE PLAINTIFFS LIFE AND OR FINANCES WERE EFFECTED IN A NEGATIVE WAY AND OR CAUSED PLAINTIFF TO MIS OPPORTUNITIES

(b) THAT THE ACTS AND CONDUCT OF OFFICERs DEPRIVED
THE PLAINTIFF OF HIS FEDERAL CONSTITUTIONAL RIGHTS;
AND

(c) THAT THE ACTS AND CONDUCT OF OFFICER(s) WERE
THE PROXIMATE CAUSE OF INJURIES AND CONSEQUENT
DAMAGE TO THE PLAINTIFF.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE IN THE CASE
THAT ANY OR ALL  OFFICER(s)  ACTED AS THEY DID TOWARD PLAINTIFF,
NOT TO PERFORM THERE LAWFUL DUTY BUT POSSIBLY PROMPTED BY
ANOTHER  MOTIVE THEN YOU MAY FIND THAT THE DEFENDANT ACTED
UNLAWFULLY, CONTRARY TO THE UNITED STATES CONSTITUTION.

YOU ARE INSTRUCTED AS A MATTER OF LAW THAT UNDER THE UNITED
STATES CONSTITUTION, EVERY PERSON HAS THE CONSTITUTIONAL RIGHT
TO BE FREE FROM ILLEGAL SEARCHES AND SEIZURES AND THE USE OF
UNREASONABLE FORCE WHILE UNDER ARREST.

IF YOU SHOULD FIND THAT PLAINTIFF'S CONSTITUTIONAL RIGHT TO BE
FREE FROM ILLEGAL SEARCHES AND SEIZURES AND OR THE USE OF
UNREASONABLE FORCE WHILE UNDER ARREST WAS VIOLATED, THEN
YOU MUST PROCEED TO DETERMINE THE AMOUNT OF THE ACTUAL OR
COMPENSATORY DAMAGES SUFFERED OR SUSTAINED BY THE PLAINTIFF,
AS A PROXIMATE RESULT OF OFFICER OR OFFICERS CONDUCT.

IN THIS CASE YOU ARE TO DETERMINE WHETHER ANY OFFICER(s)
VIOLATED THE PLAINTIFF'S CIVIL RIGHTS. WHETHER THE PLAINTIFF WAS
GUILTY OF THE CRIMES FOR WHICH HE WAS ARRESTED IS ENTIRELY
IRRELEVANT AND IS NOT TO BE CONSIDERED BY YOU IN ANY WAY IN
REACHING YOUR VERDICT IN THIS CASE.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION
BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL
WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. THE
LAW IS NO RESPECTER OF PERSONS; ALL PERSONS STAND EQUAL BEFORE
THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF
JUSTICE.

**DAMAGES.**

IF YOU FIND THAT OFFICER(s)  DID NOT VIOLATE PLAINTIFF'S
CONSTITUTIONAL RIGHT TO BE FREE FROM ILLEGAL SEARCHES AND
SEIZURES AND OR THE USE OF UNREASONABLE FORCE WHILE UNDER
ARREST YOU NEED NOT CONSIDER THE QUESTION OF DAMAGES.

IF YOU HAVE FOUND OFFICER(s) DID VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHT TO BE FREE FROM ILLEGAL SEARCHES AND SEIZURES AND OR THE USE OF UNREASONABLE FORCE WHILE UNDER ARREST, THEN YOU MUST CONSIDER WHETHER TO AWARD PLAINTIFF DAMAGES. THE LAW PLACES A BURDEN UPON THE PLAINTIFF TO PROVE SUCH FACTS AS WILL ENABLE YOU TO ARRIVE AT THE AMOUNT OF DAMAGES WITH REASONABLE CERTAINTY AND WITHOUT SPECULATION. WHILE IT IS NOT NECESSARY THAT THE PLAINTIFF PROVE THE AMOUNT OF THOSE DAMAGES WITH MATHEMATICAL PRECISION, THE PLAINTIFF IS REQUIRED TO PRESENT SUCH EVIDENCE AS MIGHT REASONABLY BE EXPECTED TO BE AVAILABLE UNDER THE CIRCUMSTANCES.

YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE.

## ACTUAL DAMAGES.

IF YOU FIND IN FAVOR OF PLAINTIFF ON HIS CLAIM, THEN YOU MUST AWARD HIM SUCH A SUM AS YOU FIND BY THE PREPONDERANCE OF THE EVIDENCE WILL FAIRLY AND JUSTLY COMPENSATE HIM FOR ANY DAMAGES YOU FIND HE SUSTAINED AS A DIRECT RESULT OF BEING DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO BE FREE FROM ILLEGAL SEARCHES AND SEIZURES AND OR THE USE OF UNREASONABLE FORCE WHILE UNDER ARREST.

YOU MUST DETERMINE THE AMOUNT OF DAMAGES SUSTAINED BY PLAINTIFF, SUCH AS PHYSICAL PAIN, PHYSICAL INJURY, EMOTIONAL PAIN, SUFFERING, INCONVENIENCE LOSES TO HIS FAMILIES BUSINESS AND INVESTMENTS PTSD C-PTSD , AND MENTAL ANGUISH AND ANY MISSED OPPORTUNITIES.

WHEN CONSIDERING THE AMOUNT OF MONETARY DAMAGES TO WHICH PLAINTIFF MAY BE ENTITLED, YOU SHOULD CONSIDER THE NATURE, CHARACTER AND SERIOUSNESS OF ANY PHYSICAL AND EMOTIONAL DISTRESS HE FELT. YOU MUST ALSO CONSIDER EXTENT OR DURATION OF THE DAMAGES, AS ANY AWARD YOU MAKE MUST COVER THE DAMAGES ENDURED BY PLAINTIFF BETWEEN THE DATE OF WRONGDOING TO THE DATE OF HIS RECOVERY FROM INJURIES HE SUSTAINED ON THE DATE IN QUESTION OR FOR THE REMAINDER OF HIS LIFE WHICH EVER COMES FIRST.

## PUNITIVE DAMAGES.

IN ADDITION TO THE DAMAGES MENTIONED IN THE PREVIOUS
INSTRUCTION, THE LAW PERMITS THE JURY UNDER CERTAIN
CIRCUMSTANCES TO AWARD AN INJURED PERSON PUNITIVE DAMAGES IN
ORDER TO PUNISH THE DEFENDANT FOR SOME EXTRAORDINARY
MISCONDUCT AND TO SERVE AS AN EXAMPLE OR WARNING TO OTHERS
NOT TO ENGAGE IN SUCH CONDUCT.

IF YOU FIND IN FAVOR OF PLAINTIFF ON HIS CLAIM, AND IF YOU FIND
THAT OFFICER(s) ACTED WITH MALICE OR WITH RECKLESS
INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHT TO BE FREE
FROM ILLEGAL SEARCHES AND SEIZURES AND OR THE USE OF
UNREASONABLE FORCE WHILE UNDER ARREST, THEN IN ADDITION TO
ANY DAMAGES TO WHICH YOU FIND PLAINTIFF ENTITLED, YOU MAY
AWARD HIM AN ADDITIONAL AMOUNT AS PUNITIVE DAMAGES, IF YOU
FIND IT IS APPROPRIATE TO PUNISH OFFICER(s)OR TO  DETER OFFICER(s)
AND OTHERS FROM LIKE CONDUCT IN THE FUTURE.

PUNITIVE DAMAGES MUST BEAR A REASONABLE RELATIONSHIP TO THE
PLAINTIFF'S ACTUAL INJURY. HOWEVER, NO SINGLE NUMERICAL
EQUATION HAS BEEN MADE TO EASILY LINK PUNITIVE TO
COMPENSATORY DAMAGES. IN DETERMINING A REASONABLE
RELATIONSHIP TO THAT ACTUAL INJURY, YOU MUST CONSIDER ALL
RELEVANT FACTORS. THESE INCLUDE:

> (1) THE IMPACT OR SEVERITY OF THE DEFENDANT'S
> CONDUCT,

> (2) THE AMOUNT OF TIME THE DEFENDANT CONDUCTED
> HIMSELF IN THIS MANNER,

> (3) THE AMOUNT OF COMPENSATORY DAMAGES,

> (4) THE EFFECT OF THE DAMAGES AWARD ON THE
> DEFENDANT'S FINANCIAL CONDITION, AND

> (5) ANY PUNISHMENT THE DEFENDANT MAY RECEIVE FROM
> OTHER SOURCES.

**VERDICT - UNANIMOUS - DUTY TO DELIBERATE.**

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH
JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH
JUROR AGREE. YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER, AND TO
DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO

SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. YOU MUST EACH DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

## EFFECT OF INSTRUCTION AS TO DAMAGES.

THE FACT THAT I HAVE INSTRUCTED YOU AS TO THE PROPER MEASURE OF DAMAGES SHOULD NOT BE CONSIDERED AS INTIMATING ANY VIEW OF MINE AS TO WHICH PARTY IS ENTITLED TO YOUR VERDICT IN THIS CASE. INSTRUCTIONS AS TO THE MEASURE OF DAMAGES ARE GIVEN FOR YOUR GUIDANCE, IN THE EVENT YOU SHOULD FIND IN FAVOR OF THE PLAINTIFF FROM A PREPONDERANCE OF THE EVIDENCE IN THE CASE IN ACCORDANCE WITH THE OTHER INSTRUCTIONS.

UPON RETIRING TO THE JURY ROOM, YOU WILL SELECT ONE OF YOUR NUMBER TO ACT AS FOREPERSON, THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS, AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

VERDICT FORMS HAVE BEEN PREPARED FOR YOUR CONVENIENCE.

- IF YOU FIND IN FAVOR OF PLAINTIFF JEFFREY M. S. HASTINGS AND AGAINST DEFENDANT OFFICER(s) YOU SHOULD CALCULATE DAMAGES USING JURY VERDICT FORM NUMBER 1A 1B 1C 1D AND OR 1E AS IT RELATES TO EACH OFFICER , WHICH READS AS FOLLOWS:

"WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER VALRAN VENNER KARI TAYLOR RAFEAL UGALDE , ERIC TATUM FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT. HAVING FOUND IN FAVOR OF PLAINTIFF

JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER 1A VALRAN
VENNER 1B VALRAN VENNER 1C RAFEAL UGALDE 1 D KARI TAYLOR, 1E
ERIC TATUM , WE ASSESS:

    (1) COMPENSATORY DAMAGES IN THE FOLLOWING
    AMOUNT: $_____.

- IF YOU FIND THAT ANY OFFICER(s) VIOLATED PLAINTIFF'S CONSTITUTIONAL
  RIGHTS PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT, AND YOU
  FURTHER FIND THAT PUNITIVE DAMAGES ARE APPROPRIATE, YOU MAY AWARD
  PUNITIVE DAMAGES IN ADDITION TO COMPENSATORY DAMAGES, USING JURY
  VERDICT FORM NUMBER 2A 2B 2C 2D AND OR 2E WHICH READS AS FOLLOWS:

  "WE, THE JURY, FIND, AS TO PUNITIVE DAMAGES, IN FAVOR OF THE
  PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER 2A
  VALRAN VENNER 2B VALRAN VENNER 1C RAFEAL UGALDE AMD OR 1D
  KARI TAYLOR 1E ERIC TATUM  IN THE FOLLOWING AMOUNT: $_____."

- IF YOU FIND THAT THE DEFENDANT ENGAGED IN VIOLATIONS OF PLAINTIFF'S
  CONSTITUTIONAL RIGHTS PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS
  ACT, BUT THAT PUNITIVE DAMAGES ARE NOT APPROPRIATE, YOU SHOULD PLACE
  A ZERO IN JURY VERDICT FORM NUMBER 2A, 2B, 2C AND OR 2D 2E.
- IF YOU FIND IN FAVOR OF THE DEFENDANT OFFICER(s) AND AGAINST PLAINTIFF
  JEFFREY M.S. HASTINGS , YOU SHOULD USE THE JURY VERDICT FORM NUMBER 3A,
  3B, 3C AND OR 3D 3E WHICH READS AS FOLLOWS:

  "WE, THE JURY, FIND THAT THE PLAINTIFF JEFFREY M.S HASTINGS HAS
  NOT PROVEN THAT THE DEFENDANT OFFICER 3A VALRAN VENNER 3B
  VALRAN VENNER 3C RAFEAL UGALDE AND OR 3D KARI TAYLOR 3E ERIC
  TATUM ENGAGED IN VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL
  RIGHTS PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT, AND
  THEREFORE, WE FIND FOR THE DEFENDANT OFFICER (s)  AND AGAINST
  THE PLAINTIFF JEFFREY M.S. HASTINGS ."

YOU WILL TAKE THE VERDICT FORMS TO THE JURY ROOM AND, WHEN YOU HAVE
REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL ALL SIGN AND
DATE THE FORM WHICH SETS FORTH THE VERDICT UPON WHICH YOU UNANIMOUSLY
AGREE; AND THEN RETURN WITH YOUR VERDICT TO THE COURTROOM.

## VERDICT FORMS -- JURY'S RESPONSIBILITY.

    IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN THESE
INSTRUCTIONS AND NOTHING IN ANY FORM OR VERDICT PREPARED FOR
YOUR CONVENIENCE IS MEANT TO SUGGEST OR CONVEY IN ANY WAY OR
MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD

FIND. WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY.

**COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS.**

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE BY A BAILIFF, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING, AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE OTHERWISE THAN IN WRITING, OR ORALLY HERE IN OPEN COURT.

YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY THE COURT SECURITY OFFICER THAT HE TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON -- NOT EVEN TO THE COURT -- HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTIONS BEFORE YOU, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

**JURY VERDICT FORM 1A**

WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER VALRAN VENNER  FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS  ON JANUARY 25th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT. HAVING FOUND IN FAVOR OF PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER VALRAN VENNER, WE ASSESS:

(1) COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT: $_____.

_____

DATE

_____

FOREPERSON

_____

_____

_____

_____

_____

_____

## JURY VERDICT FORM 2A

WE, THE JURY, FIND, AS TO PUNITIVE DAMAGES, IN FAVOR OF THE PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER VALRAN VENNER  IN THE FOLLOWING AMOUNT: $_____. FOR THE JANUARY 25th 2022 INCIDENT.

_____

DATE

_____

FOREPERSON

## JURY VERDICT FORM 3A

WE, THE JURY, FIND THAT THE PLAINTIFF JEFFREY M.S HASTINGS HAS NOT PROVEN THAT THE DEFENDANT OFFICER VALRAN VENNER ENGAGED IN VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS ON JANUARY 25th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT, AND THEREFORE, WE FIND FOR THE DEFENDANT OFFICER VALRAN VENNER AND AGAINST THE PLAINTIFF JEFFREY M.S. HASTINGS .

_____

DATE

_____

FOREPERSON

## <u>JURY VERDICT FORM 1B</u>

WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST
DEFENDANT OFFICER VALRAN VENNER  FOR VIOLATION OF HIS CONSTITUTIONAL
RIGHTS  ON SEPTEMBER 10th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS
ACT. HAVING FOUND IN FAVOR OF PLAINTIFF JEFFREY M.S.HASTINGS AND AGAINST
DEFENDANT OFFICER VALRAN VENNER, WE ASSESS:

(1) COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT: $_____.

_____
DATE


_____
FOREPERSON

## JURY VERDICT FORM 2B

WE, THE JURY, FIND, AS TO PUNITIVE DAMAGES, IN FAVOR OF THE PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER VALRAN VENNER  IN THE FOLLOWING AMOUNT: $_____. FOR THE SEPTEMBER 10th 2022 INCIDENT.

_____

DATE

_____

FOREPERSON

_____

_____

_____

_____

_____

## JURY VERDICT FORM 3B

WE, THE JURY, FIND THAT THE PLAINTIFF JEFFREY M.S HASTINGS HAS NOT PROVEN THAT THE DEFENDANT OFFICER VALRAN VENNER ENGAGED IN VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS ON SEPTEMBER 10th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT, AND THEREFORE, WE FIND FOR THE DEFENDANT OFFICER VALRAN VENNER AND AGAINST THE PLAINTIFF JEFFREY M.S. HASTINGS .

_____

DATE

_____

FOREPERSON

---

## **JURY VERDICT FORM 1C**

WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST
DEFENDANT OFFICER RAFEAL UGALDE   FOR VIOLATION OF HIS CONSTITUTIONAL
RIGHTS ON JANUARY 25th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT.
HAVING FOUND IN FAVOR OF PLAINTIFF JEFFREY M.S.HASTINGS AND AGAINST
DEFENDANT OFFICER RAFEAL UGALDE, WE ASSESS:

(1) COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT: $_____.

_____
DATE

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

## JURY VERDICT FORM 2C

WE, THE JURY, FIND, AS TO PUNITIVE DAMAGES FOR THE INCIDENT ON JANUARY 25th 2022, IN FAVOR OF THE PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER RAFEAL UGALDE  IN THE FOLLOWING AMOUNT: $_____.

_____

DATE

_____

FOREPERSON

_____

_____

_____

_____

_____

JURY VERDICT FORM 36

3 ₹ ₹3

WE, THE JURY, FIND THAT THE PLAINTIFF JEFFREY M.S HASTINGS HAS NOT PROVEN THAT THE DEFENDANT OFFICER RAFEAL UGALDE  ENGAGED IN VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS ON JANUARY 25th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT, AND THEREFORE, WE FIND FOR THE DEFENDANT OFFICER RAFEAL UGALDE  AND AGAINST THE PLAINTIFF JEFFREY M.S HASTINGS .

_____

DATE

_____

FOREPERSON

## JURY VERDICT FORM 1D

WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST
DEFENDANT OFFICER KARI TAYLOR  FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS
ON SEPTEMBER 10th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT.
HAVING FOUND IN FAVOR OF PLAINTIFF JEFFREY M.S.HASTINGS AND AGAINST
DEFENDANT OFFICER KARI TAYLOR , WE ASSESS:

(1) COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT: $_____.


_____

DATE



_____

FOREPERSON


_____

_____

_____

_____

_____

_____

_____

**JURY VERDICT FORM 2D**

WE, THE JURY, FIND, AS TO PUNITIVE DAMAGES FOR THE INCIDENT ON SEPTEMBER 10th 2022, IN FAVOR OF THE PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER KARI TAYLOR  IN THE FOLLOWING AMOUNT: $_____.

_____
DATE

_____
FOREPERSON

_____

_____

_____

_____

## JURY VERDICT FORM 3D

WE, THE JURY, FIND THAT THE PLAINTIFF JEFFREY M.S HASTINGS HAS NOT PROVEN THAT THE DEFENDANT OFFICER KARI TAYLOR ENGAGED IN VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS ON SEPTEMBER 10th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT, AND THEREFORE, WE FIND FOR THE DEFENDANT OFFICER KARI TAYLOR AND AGAINST THE PLAINTIFF JEFFREY M.S HASTINGS .

_____

DATE

_____

FOREPERSON

_____

DATE

_____

FOREPERSON

_____

_____

_____

_____

_____

_____

_____

## **JURY VERDICT FORM 1E**

WE, THE JURY, FIND IN FAVOR OF PLAINTIFF JEFFREY M.S. HASTINGS AND AGAINST DEFENDANT OFFICER ERIC TATUM FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS  ON SEPTEMBER 10th 2022 PURSUANT TO SECTION 1983 OF THE CIVIL RIGHTS ACT. HAVING FOUND IN FAVOR OF PLAINTIFF JEFFREY M.S.HASTINGS AND AGAINST DEFENDANT OFFICER ERIC TATUM, WE ASSESS:

(1) COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT: $_____.


_____
DATE



_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

## JURY VERDICT FORM 2E

WE, THE JURY, FIND, AS TO PUNITIVE DAMAGES, IN FAVOR OF THE PLAINTIFF JEFFREY
M.S. HASTINGS AND AGAINST DEFENDANT OFFICER ERIC TATUM  IN THE FOLLOWING
AMOUNT: $_____. FOR THE SEPTEMBER 10th 2022 INCIDENT.

_____

DATE

_____

FOREPERSON

_____

_____

_____

_____

## JURY VERDICT FORM 3E

WE, THE JURY, FIND THAT THE PLAINTIFF JEFFREY M.S HASTINGS HAS NOT PROVEN
THAT THE DEFENDANT OFFICER ERIC TATUM  ENGAGED IN VIOLATIONS OF PLAINTIFF'S
CONSTITUTIONAL RIGHTS ON SEPTEMBER 10th 2022 PURSUANT TO SECTION 1983 OF
THE CIVIL RIGHTS ACT, AND THEREFORE, WE FIND FOR THE DEFENDANT OFFICER ERIC
TATUM AND AGAINST THE PLAINTIFF JEFFREY M.S. HASTINGS .

_____

DATE

_____

FOREPERSON